UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    W.S.F. – World Sports Fans, LLC,
    an Arizona limited liability company,
    Debtor.        No. 11-05-27795 PHX-GBN
        (Jointly Administered with Case Nos.
        11-05-27993 PHX-GBN and
        11-05-27994 PHX-SSC)

**Raven II Holdings, an Arizona LLC,**
    **Plaintiff,**

v.        Adv. No. 06-1128 M

**Quest Title Company, a New Mexico
Corporation, Duane Slade, Jennifer Slade,
Guy Williams, Lisa Williams,
Duane Slade and Guy Williams d/b/a
WFS, World Sports Fans LLC,**
    **Defendants.**

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on the Notice of Removal filed by W.S..F.– World Sports Fans LLC ("WSF") on May 19, 2006 and on the Motion to Remand (the "Motion to Remand") filed on June 1, 2006 by Plaintiff Raven II Holdings, LLC, an Arizona limited liability company ("Raven"). The Court held a hearing on the Motion to Remand on July 17, 2006 after which the Court instructed the parties to file briefs and took the matter under advisement. Having reviewed the pleadings, briefs, arguments of counsel and being otherwise sufficiently informed, the Court finds:

1. WSF filed a petition for Chapter 11 bankruptcy relief in Arizona Bankruptcy Court on November 13, 2005, which is pending under Case No. 05-27995 GBN. Defendants, Duane

1

Slade ("Slade") and Guy Williams ("Williams") are the owners of WSF each holding a 50% membership interest in WSF.  On January 12, 2006 the Arizona Bankruptcy Court ordered WSF's bankruptcy case to be jointly administered with the Chapter 11 bankruptcies of Mathon Fund, LLC (Case No. 05-27993) and Mathon Fund I, LLC (Case No. 05-27994).  The jointly administered case was assigned Case No. 05-27993 GBN.

    2.  This dispute arises out of the sale of real property in Cibola County, New Mexico (the "Property").  An ownership interest in the Property is listed on WSF's bankruptcy schedules.  In early 2006, the Property was sold.  On April 25, 2006, Raven filed a proceeding in the Thirteenth Judicial District Court in Cibola County, New Mexico to determine distribution of the proceeds from the sale of the Property.  *Raven II Holdings, LLC v. Quest Title Company, Duane Slade and Jennifer Slade, Guy Williams and Lisa Williams, Duane Slade and Guy Williams d/b/a WFS, World Sports Fans, LLC,* No. D1333 CV20060085 (the "State Court Action"). *See* Complaint (Exhibit A to Notice of Removal).

    3.  The State Court Complaint alleges that WSF claims an interest in the sales proceeds but that WSF "failed to complete the formation requirements under Arizona law, and therefore, does not exist as a limited liability company."  Complaint ¶ 6.  Raven did not name or serve WSF as a defendant and did not assert claims against WSF in the State Court Action.  "WSF, World Sports Fans LLC" is referred to in the caption of the Complaint as a business name (d/b/a) used by Slade and Williams.  WSF has not intervened in the State Court Action.

    3.  On May 19, 2006 WSF filed in this Court a Notice of Removal of the State Court Action arguing that this proceeding is within the Court's core jurisdiction because it concerns administration of its bankruptcy estate and the liquidation of an asset of the estate.  *See* 28

U.S.C. § 157(b)(2)(A) and (O) (listing types of proceedings over which the bankruptcy court has core jurisdiction).[1]

4. Defendants, Duane Slade, Jennifer Slade, Guy Williams and Lisa Williams filed their Answer to the Removed Complaint on May 30, 2006 asking the Court, *inter alia*, to award a portion of the proceeds of sale to them. Adv. No. 06-1128 M, Doc. No. 2.[2]

5. The Motion to Remand was filed on June 1, 2006 asking the Court 1) to remand this proceeding to the State Court, 2) to dismiss WSF's bankruptcy petition, and 3) to award sanctions against WSF. Adv. No. 06-1128, Doc. No. 3.

Discussion

"The Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In the Motion to Remand as well as in the original Complaint, Raven asserts that WSF is not a properly formed limited liability company because it failed to publish its Articles of Organization as required by Arizona law. Raven asserts that consequently, this Court is precluded from exercising jurisdiction in this adversary proceeding, and the proceeding must be remanded to the State Court.

---

[1] The record in the Arizona bankruptcy proceeding contains no order for relief from the stay in the WSF bankruptcy proceeding. Although WSF argues that the sale was a violation of the stay in its bankruptcy, this claim has not been asserted and is not before this Court.

[2] Defendants, Slade and Williams were involved with Plaintiff Raven in a real estate investment business. Motion to Remand p. 2. On July 31, 2006, Slade and Williams filed a joinder to the Notice of Removal stating that the removal of the State Court Action to this Court is proper since WSF is a legally formed entity that is in bankruptcy in Arizona and has standing to remove this case to this Court. *See* Joinder in Removal, Adv. No. 06-1128 Doc. No. 16. Raven has moved to strike the Joinder, and the Court ruled on the Motion to Strike in a separate order.

3

In its Opposition to the Motion to Remand, WSF argues that it is a properly formed limited liability company under Arizona law and as such, it can remove this action. Exhibit B to the Motion to Remand is a certificate from the Arizona Corporation Commission stating that "W.S.F. – World Sports Fans LLC" filed its Articles of Organization with the Commission on July 19, 1999. WSF provides an affidavit of publication by Gail Chandonnet stating that the Tribune, a newspaper published in Mesa, AZ, published notice of WSF's formation in August 1999.

WSF's status as a limited liability company, however, is not dispositive with regard to the remand of this matter because, even if WSF is a legal entity, WSF is not a party in the State Court Action and has no standing to remove the proceeding. Only a party to a legal proceeding may remove that proceeding to a federal bankruptcy court. 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). The Complaint in the State Court Action was the only portion of the State Court record attached to the Notice of Removal. The caption of the Complaint refers to "WSF, World Sports Fans, LLC" as a business name (d/b/a) of Slade and Williams. There is no indication in the record that WSF was named or served in the State Court Action.

Based on the record before this Court, the Court finds that WSF was not made a party in the State Court Action, and as such, it may not remove the State Court Action to this Court.

Raven's request for dismissal of WSF's bankruptcy case is not properly before this Court. A motion to dismiss a bankruptcy should be brought in the bankruptcy case. Fed.R.Bankr.P. 7001, 9014; *See In re Irby*, 321 B.R. 468, 469-70 (Bankr. N.D. Ohio

4

2005)(action not listed in Rule 7001 as an adversary proceeding should be treated as contested matter in bankruptcy proceeding).

For the foregoing reasons, the Motion is hereby GRANTED in part and the State Court Action is REMANDED to the Thirteenth Judicial District Court, Cibola County, New Mexico; the Motion to Dismiss WSF's bankruptcy proceeding is DENIED and the motion to award sanctions is DENIED.

/s/ Mark B. McFeeley
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Dennis Hill
Attorney for Plaintiff
PO Box 94750
Albuquerque, NM 87199-4750

Thomas Dawe
Attorney for Defendant WFS
PO Box 1027
Albuquerque, NM 87103-1027
Ross Crown
Keith Beauchamp
Bret A. Maidman
Attorneys for Slade and Williams
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004-4584

R. Kris Bailey
Joel Sannes
Attorneys for Raven II Holdings
10429 S. 51st Street, Suite 215
Phoenix, AZ 85044

Eric Burris
Attorneys for WSF

201 Third St. NW, Suite 1500
Albuquerque, NM 87102

6